UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JAMES WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-452-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES POSTAL SERVICE, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff James Wright is presently confined at the United States Penitentiary-McCreary in Pine Knot, Kentucky.  He has submitted a *pro se* civil rights complaint under 28 U.S.C. § 1331, together with a motion to proceed *in forma pauperis*.  [Record Nos. 2, 3]  The Court has granted his motion for leave to proceed *in forma pauperis* by separate Order.  This matter is before the Court for initial screening pursuant to 28 U.S.C. § 1915A.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

As Wright is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in his complaint are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  But the court may dismiss a case at any time if it determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2).

In the present case, Wright seeks damages from the United States Postal Service for failing to deliver and/or losing a parcel he allegedly placed in the mail on July 10, 2007. On that date, Wright claims that he submitted a document for certified mailing at the Post Office in Jonesville, Virginia. Subsequently, on July 17 and August 1, 2007, Wright attempted to conduct "Track-and-Confirm" searches for the letter, but no record of the item existed. Wright claims that he wrote letters to the Jonesville Post Office on July 17 and July 28, 2007, inquiring about the item, but he did not receive a response. He seeks to be compensated "because the Postal Service breach [sic] their contract with me and refused to answer." [Record No. 2, p.3]

Wright's complaint must be dismissed for failure to state a claim, as a *Bivens* claim may not be asserted directly against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 475-86 (1994). This rule has been applied to bar a *Bivens* claim directly against the United States Postal Service. *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). Because the Postal Service, as an agency of the United States, enjoys sovereign immunity from claims for damages, Wright's Complaint seeking such damages will be dismissed with prejudice. Accordingly, the Court being sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Plaintiff James Wright's Complaint [Record No. 2] is **DISMISSED** with prejudice.

(2)     The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion

and Order in favor of the Defendant.

This 14th day of January, 2008.

**Signed By:**

*Danny C. Reeves*   DCR

**United States District Judge**